**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID C. GEROUX, | No. 20-35558 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-05811-BAT |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Brian Tsuchida, Magistrate Judge, Presiding

Submitted April 15, 2021**
Seattle, Washington

Before: HAWKINS, McKEOWN, and CHRISTEN, Circuit Judges.

David Geroux appeals the district court's order affirming the Social Security
Commissioner's denial of his applications for disability insurance benefits and
supplemental security income due to a combination of mental impairments. We

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. Reviewing the district court's decision de novo and the determination of the administrative law judge ("ALJ") for substantial evidence, *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016), we affirm.

Substantial evidence supports the specific and legitimate reasons for the ALJ's decision to give less weight to certain portions of Dr. Powell and Dr. Coleman's opinions. *See Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Among other things, Dr. Powell's opinion that Geroux was markedly limited in his ability to accept instruction from and respond appropriately to criticism from a supervisor was inconsistent with other medical evidence, treatment notes, Geroux's improvement with conservative treatment, and his daily activities. *See id.* at 1154–55 (inconsistencies with other medical evidence and daily activities); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (evidence indicating improvement with treatment). The ALJ similarly explained that Dr. Coleman's assessment of marked limitations conflicted with evidence of Geroux's daily activities and improvement with treatment, Dr. Coleman served as Geroux's marriage counselor, and her treatment notes were not in the record. *See Ford*, 950 F.3d at 1155 ("[T]he ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions." (quoting *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012))).

The ALJ did not err by finding Geroux's subjective symptom testimony was not fully credible. Sufficient evidence supports the ALJ's specific, clear, and convincing reasons, including that Geroux's testimony regarding the severity of his symptoms was inconsistent with his daily activities, former reports to medical professionals of improvement with conservative treatment and abstinence from alcohol, and with other observations in his treatment records. *See, e.g.*, *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (relying on evidence of "conservative treatment" to discount testimony regarding severity of impairment); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (concluding that inconsistencies between symptom testimony and daily activities were sufficient to discount claimant's testimony).

Substantial evidence similarly supports the ALJ's specific and germane reasons for giving less weight to a statement from Geroux's former supervisor and little weight to the statement and testimony of Geroux's wife. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

Finally, because the ALJ did not err in assessing the medical evidence, Geroux's testimony, or lay witness statements, the ALJ likewise did not err in the assessment of Geroux's residual functional capacity ("RFC"). The ALJ included in the RFC non-exertional limitations that were consistent with the record as a whole,

and the ALJ's RFC determination was supported by substantial evidence. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).

**AFFIRMED.**